# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

| | |
|---|---|
| LAUREN IBSEN, <br><br> Plaintiff, <br><br> - against - <br><br> STARBUCKS COFFEE COMPANY d/b/a STARBUCKS, <br><br> Defendant. | Index No: <br><br> **SUMMONS** |

*To the above named defendant:*

**YOU ARE HEREBY SUMMONED** to answer in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff(s)' attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff designates Suffolk County as the place of trial.

The basis of the venue is the residence of the plaintiff.

Plaintiff resides at 73 Saddle Rock Road, East Setauket, New York, County of Suffolk.

Dated: May 29, 2019

OKUN, ODDO & BABAT, P.C.

By: _____
Matthew Saliba, Esq.
Attorneys for Plaintiff
8 West 38th Street, Suite 1002
New York, New York 10018
(212) 642-0950
File: 11835

*Defendant's addresses:*

STARBUCKS COFFEE COMPANY c/o United States Corporation Company, 80 State Street, Albany, NY 12207— Via Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

LAUREN IBSEN,

                              Plaintiff,

- against -

STARBUCKS COFFEE COMPANY d/b/a
STARBUCKS,

                              Defendant.

Index No:

**SUMMONS**

*To the above named defendant:*

    **YOU ARE HEREBY SUMMONED** to answer in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff(s)' attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Plaintiff designates Suffolk County as the place of trial.

    The basis of the venue is the residence of the plaintiff.

    Plaintiff resides at 73 Saddle Rock Road, East Setauket, New York, County of Suffolk.

Dated: May 29, 2019

                                                OKUN, ODDO & BABAT, P.C.

                                         By: _____
                                                Matthew Saliba, Esq.
                                                Attorneys for Plaintiff
                                                8 West 38th Street, Suite 1002
                                                New York, New York 10018
                                                (212) 642-0950
                                                File: 11835

*Defendant's addresses:*

STARBUCKS COFFEE COMPANY c/o United States Corporation Company, 80 State Street, Albany, NY 12207— Via Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

| | |
|---|---|
| LAUREN IBSEN,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>- against -<br><br>STARBUCKS COFFEE COMPANY d/b/a STARBUCKS,<br><br>　　　　　　　　　　　　　Defendant. | Index No:<br><br>**VERIFIED COMPLAINT** |

Plaintiff, LAUREN IBSEN, by her attorneys, OKUN, ODDO & BABAT, P.C., as and for her Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, LAUREN IBSEN, at all times herein mentioned was and still is a resident of the County of Suffolk and the State of New York.

2. The defendant, STARBUCKS COFFEE COMPANY d/b/a STARBUCKS (hereinafter "STARBUCKS"), at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of Washington, with its principal place of business situated in the State of Washington.

3. The defendant, STARBUCKS, was and still is a foreign business corporation duly authorized to do business in the State of New York.

4. At all times herein mentioned, defendant, STARBUCKS, transacted business within the State of New York.

5. At all times herein mentioned, defendant, STARBUCKS, substantial revenue from goods used or consumed or services rendered in the State of New York.

6. At all times herein mentioned, defendant, STARBUCKS, expected or should

reasonably have expected its acts to have consequences in the State of New York.

7. At all times herein mentioned, defendant, STARBUCKS, derived substantial revenue from interstate or international commerce.

8. The defendant, STARBUCKS, owned the premises, specifically the store, located at 1238 Deer Park Avenue, North Babylon, New York.

9. At all times herein mentioned, the defendant, STARBUCKS, defendant's servants, agents and/or employees, operated the premises located at 1238 Deer Park Avenue, North Babylon, New York.

10. At all times herein mentioned, the defendant, STARBUCKS, defendant's servants, agents and/or employees, maintained the premises located at 1238 Deer Park Avenue, North Babylon, New York.

11. At all times herein mentioned, the defendant, STARBUCKS, defendant's servants, agents and/or employees, managed the premises located at 1238 Deer Park Avenue, North Babylon, New York.

12. At all times herein mentioned, the defendant, STARBUCKS, defendant's servants, agents and/or employees, controlled the premises located at 1238 Deer Park Avenue, North Babylon, New York.

13. At all times herein mentioned, the defendant, STARBUCKS, defendant's servants, agents and/or employees, supervised the premises located at 1238 Deer Park Avenue, North Babylon, New York.

14. At all times herein mentioned, it was the duty of the defendant, STARBUCKS, defendant's servants, agents and/or employees, to maintain said premises located at 1238 Deer Park Avenue, North Babylon, New York, in a reasonably safe and suitable condition.

15. At all times herein mentioned, it was the responsibility of the defendant, STARBUCKS, defendant's servants, agents and/or employees, to train, manage, supervise, and/or control its employees, including but not limited to employees adherence to safety standards, policies, and protocols.

16. At all times herein mentioned, plaintiff, LAUREN IBSEN was lawfully upon defendant's premises.

17. On September 1, 2018, at approximately 7:13 a.m., plaintiff, LAUREN IBSEN, used the drive thru to order a hot tea, while a patron at the defendant's store, located at 1238 Deer Park Avenue, North Babylon, New York.

18. On September 1, 2018, at approximately 7:13 a.m., the defendant negligently affixed the lid to the plaintiff, LAUREN IBSEN's hot tea, at the defendant's store, located at 1238 Deer Park Avenue, North Babylon, New York.

19. On September 1, 2018, at approximately 7:13 a.m., the defendant negligently served hot tea at an unsafe and dangerous temperature to the plaintiff, LAUREN IBSEN, at the defendant's store, located at 1238 Deer Park Avenue, North Babylon, New York.

20. On September 1, 2018, at approximately 7:13 a.m., the defendant negligently served hot tea without a hot cup sleeve to the plaintiff, LAUREN IBSEN, at the defendant's store, located at 1238 Deer Park Avenue, North Babylon, New York.

21. On September 1, 2018, at approximately 7:13 a.m., the defendant negligently failed to secure the lid to the hot tea cup served to the plaintiff, LAUREN IBSEN, at the defendant's store, located at 1238 Deer Park Avenue, North Babylon, New York.

22. On September 1, 2018, at approximately 7:13 a.m., an employee negligently handed the hot tea to the plaintiff, LAUREN IBSEN, at the defendant's store, located at 1238 Deer

Park Avenue, North Babylon, New York, causing the tea to spill resulting in severe burns to the plaintiff's left lower extremity.

23. The above occurrence took place solely as a result of the negligence of the defendant, STARBUCKS, through their agents, servants and/or employees, with no culpable conduct on the part of the plaintiff, LAUREN IBSEN.

24. Solely as a result of the defendant's negligence, carelessness and recklessness, the plaintiff, LAUREN IBSEN was caused to suffer severe and serious personal injuries to mind and body, and was further subjected to great physical pain and mental anguish.

25. By reason of the foregoing, plaintiff, LAUREN IBSEN, was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and will be permanently caused to suffer pain, inconvenience and other effects of such injuries. Plaintiff, LAUREN IBSEN, has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and will be unable to pursue her usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage in an amount which exceeds the monetary jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this matter.

26. This action falls within one or more of the exemptions set forth in Section 1602 of the Civil Practice Law and Rules.

27. Due to defendant's negligence, plaintiff, LAUREN IBSEN, is entitled to damages in an amount which exceeds the monetary jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this matter.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount which exceeds the monetary jurisdictional limits of all lower Courts which would otherwise have jurisdiction, together with interest, costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 29, 2019

OKUN, ODDO & BABAT, P.C.

By: _____
Matthew Saliba, Esq.
Attorneys for Plaintiff
LAUREN IBSEN
8 West 38th Street, Suite 1002
New York, New York 10018
(212) 642-0950
File: 11835

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---------------------------------------------------------

LAUREN IBSEN,

         Plaintiff,

- against -

STARBUCKS COFFEE COMPANY d/b/a STARBUCKS,

         Defendant.

---------------------------------------------------------

Index No:

**VERIFICATION**

STATE OF NEW YORK )
         : ss.:
COUNTY OF NEW YORK )

  The undersigned, an attorney admitted to practice in the Courts of the State of New York, hereby affirms under the penalties of perjury as follows:

  That affirmant is the attorney for the plaintiff in the within action; that affirmant has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to affirmant's knowledge, except the matters stated to be alleged on information and belief, and that those matters affirmant believes to be true. The reason this verification is made by affirmant and not by the plaintiff is that the plaintiff does not reside in the County in which affirmant maintains an office. The grounds of belief as to all matters not stated upon affirmant's knowledge are documents, correspondence and records maintained in affirmant's files and conversations and conferences had with the plaintiff.

Dated: New York, New York
    May 29, 2019

                 MATTHEW SALIBA, ESQ.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-----------------------------------------------------------------x
LAUREN IBSEN,

                                                  Plaintiffs,

       - against -                                    Index No. 610539/2019

STARBUCKS COFFEE COMPANY d/b/a
STARBUCKS,

                                                  Defendants.
-----------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

! <u>**If you are represented by an attorney**</u>:
Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

! <u>**If you are not represented by an attorney**</u>:
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The **benefits of participating in e-filing** include:

    ! serving and filing your documents electronically

    ! free access to view and print your e-filed documents

    ! limiting your number of trips to the courthouse

    ! paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

! visit: www.nycourts.gov/efile-unrepresented or
! contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: June 5, 2019

Matthew W. Saliba, Esq.
Name

Okun, Oddo & Babat, P.C.
Firm Name

8 West 38th Street, 10th Floor
Address

New York, NY 10018

(212) 642-0950
Phone

msaliba@ooblaw.com
E-Mail

To:   Starbucks Coffee Company
      c/o United States Corporation Company
      80 State Street
      Albany, NY 12207
      Via Secretary of State

6/6/18

Index #                              Page 2 of 2                              EFM-1

Index No:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

LAUREN IBSEN,

                            Plaintiff,

- against -

STARBUCKS COFFEE COMPANY d/b/a
STARBUCKS,

                            Defendant.

**SUMMONS and VERIFIED COMPLAINT**

**OKUN, ODDO & BABAT, P.C.**
Attorneys for Plaintiff
8 West 38th Street, Suite 1002
New York, New York 10018
(212) 642-0950

